# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE CORRALES, | Case No. 1:20-cv-01646-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | (Doc. 1) |

## I.   INTRODUCTION

Plaintiff Grace Corrales ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

---

[1] On July 9, 2021, Kilolo Kijakazi was named Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html. She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant").

[2] The parties have consented to the jurisdiction of the U.S. Magistrate Judge. (*See* Doc. 10.)

## II. BACKGROUND

Plaintiff was born on March 4, 1971, has a high school education, and previously worked as a marker, receptionist, security guard, psychiatric aide, and cashier checker. (Administrative Record ("AR") 32, 49, 61, 186, 190, 194, 232, 245, 683, 710, 725, 779.) Plaintiff filed claims for DIB and SSI payments on April 6, 2009, and March 31, 2009, respectively, initially alleging she became disabled on June 1, 2008, due to depression, insomnia, recurring kidney stones, and high blood pressure. (AR 26, 186, 189.)

Following a hearing, an Administrative Law Judge (ALJ) issued a written decision December 13, 2010, finding Plaintiff not disabled. (AR 26–34.) Plaintiff appealed the decision to the district court, who, on December 18, 2013, remanded the case for further proceedings to reconsider Plaintiff's treating physician's opinion. (AR 746–56.) Upon remand, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an ALJ for further proceedings consistent with the district court's order. (AR 763.) The assigned ALJ conducted a hearing and issued a new written decision, again finding Plaintiff not disabled.

**A.   Relevant Evidence of Record[3]**

Minh-Khoi Duong, M.D., a psychiatrist, examined Plaintiff in July 2009. (AR 259–63.) The examination consisted of a review of Plaintiff's history and a mental status examination. (AR 259–60.)

After the examination, Dr. Duong diagnosed Plaintiff with major depressive disorder. (AR 262.) Dr. Duong then stated that Plaintiff had the following limitations:

> The claimant has some symptoms of depression. She appears depressed during the metal status examination. When challenged with recall of three object after five minutes, she started crying indicating a poor stress tolerance. Claimant's ability to understand and carry out simple instructions is normal. Claimant's ability to understand and carry out complex or detailed instructions is normal. Claimant's ability to maintain focus and concentration required to do work related activities is normal. Claimant's ability to relate to and interact with co-workers, colleagues, and supervisors is normal. Claimant's ability to cope with work place [sic] stress is moderately limited. Claimant's ability to deal with changes in a routine work setting is moderately limited. Claimant's activities of daily living are normal.

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

(AR 262.)

**B.     Administrative Proceedings**

On September 15, 2015, Plaintiff appeared with counsel and testified before the ALJ as to her alleged disabling conditions. (AR 693–709.)

A VE also testified at the hearing. (AR 710–15.) She testified that Plaintiff had past relevant work as a marker, Dictionary of Operational Titles ("DOT") code 209.587-034, with a light exertional level and a specific vocational preparation (SVP)[4] of 2. (AR 710.)

The ALJ asked the VE a hypothetical question in which the VE was to consider a person of Plaintiff's age, educational level, and work experience, who is limited to "simple, repetitive tasks; work that involves no fast-paced quotas, low stress, in other words; and no work that involves no more than occasional contact with others." (AR 711.) The VE testified that such a person could perform Plaintiff's past relevant work as a marker; perform other light work with SVP 2 such as housekeeper (DOT code 323.687-014), mail clerk/sorter (DOT code 209.687-026); and perform medium work with SVP 2 such as night dishwasher (DOT code 318.687-010). (AR 711–12.) The VE further testified that if any of the three basic demands of work, namely, "having the ability to have adequate pace, persistence, concentration and attention, the ability to interact appropriately with coworkers . . . and supervisors, as well as the ability to adapt to work changes," could be performed only occasionally, such limitation would preclude all work. (AR 713–14.)

**C.     The ALJ's Decision**

In decision dated October 13, 2015, the assigned ALJ once again found Plaintiff not disabled. (AR 675–85.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. §§ 404.1520, 416.920. (AR 677–84.) The ALJ decided that Plaintiff met the insured status requirements of the Act through June 30, 2011, and she had not engaged in substantial gainful activity since June 1, 2008, the alleged onset date (step one). (AR 677.) At step two, the ALJ found Plaintiff's following impairments to be severe: major depressive disorder. (AR 677.)

---

[4] Specific vocational preparation, as defined in DOT, App. C, is the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation. DOT, Appendix C – Components of the Definition Trailer, 1991 WL 688702 (1991). Jobs in the DOT are assigned SVP levels ranging from 1 (the lowest level – "short demonstration only") to 9 (the highest level – over 10 years of preparation). *Id.*

1 Plaintiff did not have an impairment or combination of impairments that met or medically equaled
2 one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step
3 three). (AR 677–78.)

4     The ALJ then assessed Plaintiff's RFC and applied the assessment at steps four and five.
5 *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) ("Before we go from step three to step four, we
6 assess your residual functional capacity . . . . We use this residual functional capacity assessment
7 at both step four and step five when we evaluate your claim at these steps."). The ALJ determined
8 that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: simple, repetitive tasks; no fast-paced quotas; and no more than occasional contact with others.

11 (AR 678–83.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be
12 expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as
13 "not entirely credible." (AR 679.)

14     The ALJ determined that, given her RFC, Plaintiff was not disabled because she was able
15 to perform her past relevant work of marker (step four). (AR 683.) The ALJ also made the
16 alternative finding that Plaintiff could perform a significant number of other jobs in the local and
17 national economies, specifically housekeeper, mail clerk/sorter, and night dishwasher (step five).
18 (AR 683–84.) The ALJ concluded Plaintiff was not disabled from June 1, 2008, through the date
19 of the decision. (AR 684.)

20     Plaintiff sought review of this decision before the Appeals Council, which denied review
21 on September 30, 2020. (AR 665–71.) Therefore, the ALJ's decision became the final decision of
22 the Commissioner. 20 C.F.R. §§ 404.981, 416.1481.

### III.     LEGAL STANDARD

**A.  Applicable Law**

25     An individual is considered "disabled" for purposes of disability benefits if he or she is
26 unable "to engage in any substantial gainful activity by reason of any medically determinable
27 physical or mental impairment which can be expected to result in death or which has lasted or can
28 be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that he is not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.   Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in

the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV.     DISCUSSION

The ALJ gave "great weight" to consultative examiner, Dr. Duong, who found that Plaintiff

has moderate limitation in her "ability to cope with workplace stress or changes in the routine work setting," and Plaintiff asserts that the ALJ erred in failing to address or include that moderate limitation in assessing Plaintiff's RFC.  The Court agrees.

**A.     Legal Standard**

A claimant's residual functional capacity ("RFC") represents the most they can do despite their limitations.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *Reddick v. Chater*, 157 F.3d 715, 724 (9th Cir. 1998); *Smolen v. Chater*, 80 F.3d 1273, 1291 (1996).  An ALJ's RFC determination "must set out ***all*** the limitations and restrictions of the particular claimant."  *Valentine*, 574 F.3d at 690 (emphasis in original).  An ALJ will assess a claimant's residual functional capacity "based on all of the relevant medical and other evidence."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  "The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  SOCIAL SECURITY RULING ("SSR") 96-8P, 1996 WL 374184, at *7.

In particular, if the record contains a medical opinion from an examining physician, an ALJ may not discount it unless the ALJ provides "clear and convincing" reasons if the opinion is uncontradicted or "specific and legitimate reasons" if the opinion is contradicted.  *See, e.g., Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

**B.     Analysis**

In giving "great weight" to Dr. Duong's opinion, the ALJ explained that it "agree[d] with the objective findings in the record, as well as [Plaintiff's] statements regarding her capacity to perform daily activities."  (AR 683.)  Plaintiff contends, however, that the ALJ did not in fact give great weight to Dr. Duong's opinion, which stated that Plaintiff has moderate limitation in her "ability to cope with workplace stress or changes in the routine work setting."  (AR 262; 682–83.) The ALJ's RFC assessment did not include any limitation in ability to cope with changes or stresses in a workplace setting.  (AR 678.)  Plaintiff contends that the ALJ erred by failing to explain why

7

that limitation described by Dr. Duong was not included in the RFC assessment.  (Doc. 14 at 7–13.)

An ALJ must account for medical opinions in their entirety.  *See Smolen*, 80 F.3d at 1286 (holding that an ALJ erred in discussing physicians' opinions only with regard to four questions, without discussing the physicians' opinions offered in other letters); *see also Erickson v. Shalala*, 9 F.3d 813, 817 (9th Cir. 1993) ("The ALJ must consider *all* factors that might have a significant impact on an individual's ability to work.") (emphasis in original, citation and internal quotation marks omitted).  Moreover, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record."  *Robbins.,* 466 F.3d at 883.  "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Dr. Duong's opinion, though given great weight, was not accounted for in its entirety: the assessment that Plaintiff had a moderate impairment in her capacity to cope with workplace stress or changes in the routine work setting was omitted from the RFC assessment without reasons for the omission.  *See Morinskey v. Astrue*, 458 F. App'x 640, 641 (9th Cir. 2011) (ALJ erred by placing great weight on an examining physician's assessment without discussing or analyzing the moderate mental limitations assessed by the physician); *Bain v. Astrue*, 319 F. App'x 543, 546 (9th Cir. 2009) (same, where one of the moderate limitations was in the claimant's "ability to respond appropriately to work pressures and changes in a usual work setting"); *see also Bakewell v. Commissioner of Social Sec. Admin.*, 360 F. App'x 945, 946 (9th Cir. 2010) ("The ALJ did not credit Dr. Roberts's assessment of limitations on [plaintiff's] use of her hand, nor did the ALJ provide any reasons to reject this assessment.").  The omission, without explanation, was erroneous.  *See* SSR 96-8P, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), Defendant contends the ALJ sufficiently accounted for all of Plaintiff's limitations in the RFC by virtue of including a

8

limitation to "simple work" (Doc. 15 at 7), *i.e*., simple, repetitive tasks.  In *Stubbs-Danielson*, one doctor opined that the plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods but did not assess whether the plaintiff could perform unskilled work on a sustained basis.  Another doctor identified the plaintiff as having a slow pace, both in thinking and actions, but concluded that she retained the ability to carry out simple tasks.  *Id*. at 1173.  The Ninth Circuit held that the ALJ's RFC limiting the plaintiff to performing simple, routine, repetitive tasks adequately captured her deficiencies in concentration, persistence, and pace.  *Id*. at 1174.

However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance."  *Panziera v. Berryhill*, No. 17-cv-02719-LHK, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (citing *Bagby v. Comm'r of Soc. Sec.,* 606 F. App'x. 888, 890 (9th Cir. 2015) (RFC limiting claimant to simple, repetitive tasks, no public contact, and occasional interaction with coworkers failed to account for limitation in responding appropriately to changes in routine work setting).  *See also Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *7 (E.D. Cal. Sept. 27, 2021) (finding that the weight of authority refutes "notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors.") (collecting cases); *John S. v. Saul*, No. 5:19-cv-01561-MAA, 2020 WL 5880462, at *3 (C.D. Cal. Oct. 2, 2020) ("[T]he omitted mental limitation of a moderate impairment in Plaintiff's capacity to adapt to changes and stresses in a workplace setting was distinct from the two mental limitations stated in the RFC assessment, which were a limitation to simple, routine tasks and a limitation in contact with others.  The Commissioner's regulations treat each of these abilities as distinct.") (internal citations omitted).

The Court finds that the ALJ erred in failing to address or account for Plaintiff's moderate limitation as opined by Dr. Duong, to whom the ALJ accorded great weight.  The Court also finds that the ALJ's error was not harmless.  While moderate limitations are not *per se* disabling, *see*

9

*Wiles v. Berryhill*, No. 2:16–cv–09558–GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017), they may translate into concrete work restrictions which, when considered in connection with Plaintiff's other restrictions, may render her disabled. *See, e.g., Timothy B. v. Saul*, No. 20-cv-03411-SK, 2022 WL 181261, at *4 (N.D. Cal. Jan. 20, 2022). As such, the moderate limitation that the ALJ failed to address or account for was not inconsequential to the ultimate disability determination. *Stout*, 454 F.3d at 1055.

**C.  Remand**

In reviewing a Social Security Commissioner's decision, a court may remand the case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Typically, when a court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Moreover, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1235 (9th Cir. 2011) (reversing and remanding for the consideration of new evidence instead of awarding benefits); *see also Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000) ("Because neither the ALJ nor the vocational expert had the full picture before them, remand for further proceedings is particularly appropriate.").

Plaintiff urges the undersigned to find that she is disabled and award benefits, noting that the case has suffered from a "long and tortured history of administrative errors and delays" since Plaintiff's claims for benefits were first filed over 12 years ago. (Doc. 14 at 14.)  While the Court is sympathetic to Plaintiff's position, the Court will remand this matter for further proceedings one more time because the moderate limitations at issue alone do not necessarily render Plaintiff disabled.[5]  *See John S.,* 2020 WL 5880462, at *4 (remanding for further proceedings because the

---

[5] Because the Court remands for further proceedings, specifically a reassessment of Plaintiff's RFC, it does not reach Plaintiff's challenge to the ALJ's findings at steps four and five based on that RFC (*see* Doc. 14 at 13–14). *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Rendon G. v. Berryhill*, No. EDCV 18-0592-JPR, 2019 WL 2006688, at *8 (C.D. Cal. May 7, 2019); *Harris v. Colvin*, No. 13-cv-05865 RBL, 2014 WL 4092256,

"record raises factual conflicts about Plaintiff's level of functioning that 'should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance.'") (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015)).

The Court urges the ALJ to carefully consider the moderate limitation imposed by Dr. Duong and to address it explicitly. Additionally, the ALJ shall translate any of the moderate limitations to which the ALJ gives great weight into concrete restrictions for work. To the extent the ALJ finds that a moderate limitation does not require a corresponding restriction for work, the ALJ shall provide clear and sufficient reasoning.

Plaintiff has waited over 12 years to have her claim for disability benefits adjudicated, endured two hearings, and appealed two separate orders from ALJs. The Court cautions Defendant that they will likely not be provided with any additional opportunities to do what should have been done in the first instance—which is to consider properly Plaintiff's claims for disability benefits.

### V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order.

The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Grace Corrales and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __June 24, 2022__        /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE

---

at *4 (W.D. Wash. Aug. 11, 2014); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

11