UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE CORRALES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>　　　　　Defendant.<br>_____/ | Case No.  1:20-cv-01646-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 1383(d)(2)(B) FOR PAST-DUE BENEFITS** |

## I.    INTRODUCTION

On December 19, 2023, Plaintiff's attorney filed a motion for an award of attorney fees for past-due benefits pursuant to 42 U.S.C. § 1383(d)(2)(B) in the amount of $20,256.00.  (Doc. 21). On December 20, 2023, the Court issued a minute order requiring Plaintiff and the Acting Commissioner to file a response in opposition or statement of non-opposition to Counsel's motion, if any, by no later than January 12, 2024.  (Doc. 22).  The Government filed a motion of non-opposition (Doc. 24) on January 2, 2024, and the motion is deemed unopposed.  For the reasons set forth below, Plaintiff's motion for fees pursuant to 42 U.S.C. § 1383(d)(2)(B) is granted.

---

[1] On December 20, 2023, Martin O'Malley was named Commissioner of the Social Security Administration. *See* https://www.ssa.gov/history/commissioners.html.  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in [their] official capacity, be the proper defendant.").

## II.   BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act on November 18, 2020. (Doc. 1). The Court reversed the Commissioner's denial of benefits and remanded the case to the agency for further proceedings. (Doc. 17). Judgment was entered in favor of Plaintiff and against the Commissioner on June 24, 2022. (Doc. 21.) On September 13, 2022, the parties stipulated to an award of $5,100.00 in attorney fees under the EAJA, which was entered on September 14, 2022. (Docs. 19, 20).

On remand, the Commissioner found Plaintiff disabled as June 1, 2008. (Doc. 21-2 at 30). On October 10, 2023, the Commissioner issued a letter to Plaintiff approving her claim for benefits and awarding her $81,027.44 in back payments. (Doc. 21-3 at 3). On December 19, 2023, Counsel filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B) in the amount of in the amount of $20,256.00, with a credit to the Plaintiff for the $5,100 for EAJA fees, for a net fee total of award of $15,156.00.

## III.   DISCUSSION

**A.   Legal Standard**

Pursuant to 42 U.S.C. § 1383(d) ("Section 1383"), an attorney may seek an award of attorney's fees for work performed in a Social Security case where the claimant is awarded SSI benefits under Title XVI. In relevant part, Section 1383 provides as follows:

> [I]f the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall pay out of such past-due benefits to such attorney an amount equal to the lesser of--
>
> (i) so much of the maximum fee as does not exceed 25 percent of such past-due benefits (as determined before any applicable reduction under subsection (g) and reduced by the amount of any reduction in benefits under this subchapter or subchapter II pursuant to section 1320a-6(a) of this title), or
> (ii) the amount of past-due benefits available after any applicable reductions . . . .

42 U.S.C. § 1383(d)(2)(B). In addition, "[t]he provisions of section 406 . . . shall apply to this part

2

to the same extent as they apply in the case of subchapter II [of this chapter]." 42 U.S.C. § 1383(d)(2)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 802). The Commissioner has standing to challenge the award, despite that the Section 1383 attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards in this context is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808–09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, Section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that Section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

3

dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807–08).

**B.   Analysis**

The fee agreement between Plaintiff and her counsel provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration.  Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.  All fees are negotiable and subject to approval by the Social Security Administration.

(Doc. 21-1 at 1).  Plaintiff signed the agreement, and she has not filed any objections to Counsel's fee request. Attorney's fees in the amount of $20,256.00 (a $15,156.00 net fee after subtracting the previously awarded EAJA fee) represents 25% of the past-due benefits paid to Plaintiff and are not excessively large in relation to the past-due award of $81,027.44.

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits.  There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel as Counsel secured a successful result for Plaintiff.  There is also no evidence that counsel engaged in any dilatory conduct resulting in delay.  Counsel and his paralegal spent 26.1 hours representing Plaintiff, ultimately gaining a favorable decision in that the Commissioner's decision was reversed and remanded to the agency for reconsideration.  (Doc. 24-1) (time sheets accounting for 22 attorney hours and 4.1 paralegal hours spent representing Plaintiff before this Court).  Although the accepted range in the Fresno Division for attorneys with over twenty years of experience is between $250 and $380 per hour in non-contingency cases*, see Silvester v. Harris*, No. 1:11–CV–2137 AWI SAB, 2014 WL 7239371 at *4 (E.D. Cal. Dec. 17, 2014), here the effective hourly (blended) rate requested equals approximately $776 per hour.  This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases involving social security

4

contingency fee arrangements.  *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin*, No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in [Social Security] cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)).  Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed.  (*Id.)*  Here, Counsel accepted substantial risk of loss in representing Plaintiff, as her application had already been denied at the administrative level. Plaintiff agreed to the contingent fee.  (*See* Doc. 21-1.)  Working efficiently and effectively, Counsel secured a remand, and ultimately, the award of substantial benefits to Plaintiff.  (*See* Docs. 21-1, 21-2, 21-3, 21-4).

An award of attorney's fees pursuant to Section 1383(d)(2)(B) in the amount of $20,256.00 is appropriate.  An award of Section 1383 fees, however, must be offset by any prior award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.  As Plaintiff was previously awarded $5,100.00 in fees pursuant to the EAJA, Counsel shall refund

this amount to Plaintiff.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Counsel pursuant to Section 1383(d)(2)(B) are reasonable.  Accordingly, IT IS ORDERED that:

1. Counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 1383(d)(2)(B) in the amount of $20,256 (Doc. 21) is granted.  Such fees are to be paid by the Acting Commissioner only to the extent that the withheld amount of 25% of Plaintiff's past due benefits is available and unexhausted;

2. Counsel shall refund to Plaintiff $5,100 of the Section 1383(d)(2)(B) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 20); and

3. Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated: __**January 9, 2024**__                    __/s/ *Sheila K. Oberto*__
                                                   UNITED STATES MAGISTRATE JUDGE